UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ANTON VINOGRADOV

Petitioner,

v.

WARDEN OTAY MESA DETENTION CENTER,

Respondents.

Case No.:  26-CV-497 JLS (SBC)

**ORDER DENYING SECOND PETITION FOR WRIT OF HABEAS CORPUS**

(ECF No. 15)

Presently before the Court is Petitioner's Second Petition for Writ of Habeas Corpus ("Sec. Pet.," ECF No 15).  Also before the Court is Respondents' Response to Amended Petition for Habeas Corpus ("Ret.," ECF No. 18) and Petitioner's Traverse to Respondents' Return to Petitioner's Petition for Writ of Habeas Corpus ("Traverse," ECF No. 19).  For the reasons set forth below, the Court **DENIES** the Second Petition for Writ of Habeas Corpus.

## BACKGROUND

Petitioner, a citizen of Russia, alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") at the Otay Mesa Detention Center since December 14, 2024, when he entered the United States at the San Ysidro Port of Entry.  "Pet." (ECF No. 3) ¶ 1.  On April 16, 2025, an Immigration Judge granted Petitioner asylum, which DHS appealed.  *Id.* ¶ 2.  On

December 23, 2025, the BIA remanded Petitioner's case back to the Immigration Judge, and "Petitioner's asylum grant was not rescinded." *Id.* On February 12, 2026, Petitioner filed an Amended Petition arguing that his continued detention without a bond hearing violated the Due Process Clause of the Fifth Amendment and the Administrative Procedure Act. *See generally id.*

On March 4, 2026, the Court granted Petitioner's Amended Petition for Writ of Habeas Corpus ("Order," ECF No. 13) ordering "Respondents to provide Petitioner with an individualized bond hearing within <u>fourteen (14) days</u> before a neutral immigration judge in which the government bears the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk if released." Order at 6. Petitioner timely received a bond hearing, during which the Immigration Judge ("IJ") denied bond, finding that Petitioner is a flight risk. Ret. at 1. Petitioner now brings a challenge to the IJ's denial of bond arguing that the IJ "denied release based on the government's unsupported assertion that Petitioner posed a flight risk." Sec. Pet. ¶ 6. Therefore, Petitioner requests that the Court release Petitioner from ICE custody. *See generally id.*

## DISCUSSION

Petitioner argues that the IJ unreasonably denied bond because Respondents failed to meet their burden, and that the IJ "did not even mitigate the flight risk with a higher amount of bond." Sec. Pet. ¶¶ 6, 8. Respondents argue that Petitioner has failed to exhaust his administrative remedies. Ret. at 2–4. The Court agrees with Respondents.[1]

The Court concludes that Petitioner failed to exhaust his administrative remedies. "Exhaustion can be either statutorily or judicially required." *Acevedo-Carranza v. Ashcroft*, 371 F.3d 539, 541 (9th Cir. 2004). While 28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus," the

---

[1] The Court also notes that the IJ considered Petitioner's individual circumstances, including that fact that Petitioner's sponsor lives in another state. *See* ECF No. 15-2.

26-CV-497 JLS (SBC)

Ninth Circuit "require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by*, *Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). Prudential exhaustion may be required if: "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2017) (quoting *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003)).

"A noncitizen facing immigration proceedings is required to exhaust his administrative remedies by appealing to the BIA before seeking habeas review of an Immigration Judge's adverse bond determination." *Sharma v. Archambrault*, 26-CV-513-BAS-SBC, 2026 WL 381611, at *1 (S.D. Cal. Feb. 11, 2026) (citing *Leonardo v. Crawford*, 646 F.3d 1157 (9th Cir. 2011)). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted [their] remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160. "[A] court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

The Court agrees with Respondents that "the proper avenue for Petitioner's grievance with his bond denial is to utilize the administrative scheme and appeal his bond denial to the Board of Immigration Appeals (BIA)." Ret. at 2. "The BIA clearly is empowered to reverse the Immigration Judge's determinations, including all of the errors Petitioner now alleges were made by the Immigration Judge." *Sharma*, 2026 WL 381611, at *2. Further, "the BIA is the subject-matter expert in immigration bond decisions." *Aden*

*v. Nielsen*, No. C18-1441RSL, 2019 WL 5802013, at *2 (W.D. Wash. Nov. 7, 2019). The Court also agrees with Respondents that a waiver of exhaustion under these facts would encourage others to bypass the BIA and directly appeal from the immigration judge to the district court. Ret. at 3; *see Aden*, 2019 WL 5802013, at *2 ("[R]elaxation of the exhaustion requirement would likely encourage other detainees to bypass the BIA and directly appeal their no-bond determinations from the IJ to federal district court.").

The Court follows other courts in this District and declines to waive the exhaustion requirement. Therefore, Petitioner has failed to exhaust his administrative remedies, and the present challenge is improper. *See Baker v. Gordon*, No. 25-CV-3539-CAB-SBC, ECF No. 8 at 2 (S.D. Cal. Jan. 30, 2026) ("As the Ninth Circuit has explained, '[Petitioner] pursued habeas review of the IJ's adverse bond determination before appealing to the BIA. This short cut was improper. [Petitioner] should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision.'" (quoting *Leonardo*, 646 F.3d at 1160)); *Sharma*, 2026 WL 381611, at *2 (declining to waive exhaustion in a similar challenge).

## CONCLUSION

Based on the foregoing, the Court **DENIES** Petitioner's Second Petition for Writ of Habeas Corpus ("Sec. Pet.," ECF No 15).

**IT IS SO ORDERED.**

Dated: May 11, 2026

Hon. Janis L. Sammartino
United States District Judge

26-CV-497 JLS (SBC)